## Appeal of FRANC FURNITURE CO.          Docket No. 266.

Upon the facts disclosed this taxpayer is held to have made returns upon the installment plan, as provided by Article 117, Regulations 33 (Rev.), and subsequent similar regulations.

Submitted December 30, 1924; decided January 29, 1925.

*George M. Morris, Esq.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRAMMELL.

This appeal was heard on November 12, 1924, being an appeal from an asserted deficiency covering the years 1917, 1918, 1919, and 1920, as follows:

| | |
|---|---|
| 1917 deficiency | $13, 347. 22 |
| 1918 overassessment | 6, 094. 18 |
| 1919 deficiency | 1, 898. 75 |
| 1920 overassessment | 1, 766. 34 |
| Net deficiency asserted | 7, 385. 45 |

The taxpayer is a corporation organized under the laws of the State of Iowa, and engaged in the retail furniture business in the city of Davenport. A large portion of the taxpayer's business is, and at all times hereinafter mentioned was conducted upon what is known as the installment plan; that is, the purchaser of furniture made a comparatively small down payment and spread the subsequent payments over a considerable period of time.

Prior to January 1, 1917, the net income of the taxpayer for its business year, which year was also the calendar and taxable year, was determined from ordinary double-entry books in which gross income from sales was credited with all sales for cash, and with a total sum of all sales on the installment-plan contracts entered into during such year. The cost of goods sold was charged with the cost or inventory value of the goods sold, and the cost of goods so determined was subtracted from the gross sales price to determine gross profit.

Net income under this system of accounting, is and was determined by deducting from the gross profit all operating expenses, both incurred and paid, for the year.

Beginning with January 1, 1917, the taxpayer arranged its books and records to reflect its income on the basis of realizing its profit as at the date of the collection of the outstanding installment accounts. There was placed upon the books an account "Deferred profits," which account reflected the unrealized gross profit or deferred profits of the unpaid portion of the installment contracts entered into during the year and remaining unpaid at the close of the year. By this account there could be ascertained at the end of each year both the realized gross profits on cash collections on installment sales contracts and the unrealized gross profits on such contracts. Unrealized gross profits as above mentioned meant that portion of the gross profits still unrealized by payment in cash of the installment sales contract.

For the years 1917 to 1920, inclusive, the taxpayer determined its gross profit from sales in the following manner:

(1) By crediting all installment sales in the first instance to a sales account which was reduced by cost of sales in the manner outlined above, and (2) by dividing the gross profits for each year into two parts—realized profits and deferred profits. Realized profits were determined by the portion of gross sales paid for in cash during the year, including payments actually made upon installment contracts entered into during the year, and deferred profits were ascertained by the percentage of gross sales which was carried over from the unpaid installments at the close of the year on contracts in force at that time.

For the years 1917 to 1919, inclusive, the taxpayer also determined the expenses of doing business by applying thereto the same proportion of the actual expenses as determined for unrealized profits and deferring the charge of such expenses to a later period. This was done apparently for the reason that the taxpayer realized that if gross income was to be deferred until it was actually realized, the expense of producing that gross income should in theory be charged off simultaneously with the charging on of the income itself.

Income and excess profits returns for the years 1917 to 1919, inclusive, were prepared and filed on the basis of the books and accounts hereinbefore described. Beginning with the year 1917, the books were so kept that the taxpayer would be able to report the profit as being realized at the time collections were made, under the terms of the outstanding installment contracts. The taxes shown to be due by such returns were paid in due course.

On or about May 28, 1921, the taxpayer learned through the rulings of the Bureau of Internal• Revenue that it was in error in proportioning the expenses of the several years, as above set forth, to the period in which the gross income from sales was actually realized, and that it was entitled to deduct such expenses paid or incurred in the year in which so paid or incurred without regard to the gross income to which such expenses were related. On or about the above date, the taxpayer offered to file with the Commissioner amended returns for the said years 1917, 1918, and 1919, which amended returns were substantially identical with the original returns as to the items of gross income shown thereon, but claimed deductions in the manner above set forth and reported a lesser sum as net income and a lesser amount of tax in consequence of such change in the method of computation.

Thereafter, on or about June 29, 1923, the Commissioner ruled that the taxpayer's amended returns should not be received for the reason, as stated by him, that the taxpayer had not made the original returns upon the installment basis and would not be permitted at that time to change its basis of making returns. Thereafter, on or about September 21, 1923, a revenue agent completed an examination of the books of the taxpayer, in which examination he reported the taxpayer's income upon an ordinary accrual basis, that is, the accounting for all sales whether installment or cash when made and including all the profit of such sales in the taxable income in the year in which the sales contracts were made.

Upon the basis of this report, the Commissioner thereafter, on or about July 11, 1924, asserted a deficiency in tax to be due from the taxpayer, and from such asserted deficiency the taxpayer duly took its appeal.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision will be settled on consent or on ten days' notice in accordance with Rule 50.

### OPINION.

JAMES: We are asked here to determine one issue of fact, namely, whether the taxpayer originally kept its books and reported its income upon installment sales basis or upon the accrual basis. The above findings of fact sufficiently indicate the answer to this question.

The entire controversy appears to have arisen because the taxpayer in its original returns deducted only a portion of its expenses corresponding to the proportion of its accrued income, which, under the installment plan, it was reporting in each year as gross income. Such a reduction of its actual expense was not warranted in law or

regulations, however proper it may have been in theory, as a means of showing its true net income on a theoretically correct application of the installment theory. Being advised of its right to deduct expenses when incurred regardless of the manner of reporting income, the taxpayer submitted amended returns which the Commissioner seems to have regarded as changing the taxpayer's basis of reporting income and therefore not acceptable under his decisions. I. T. 1190, 1–1 C. B. 49.

That these amended returns did not change the taxpayer's method of reporting income as compared with its original returns but merely claimed additional expense deductions is patent upon their face. A comparison of the original and the first and second amended returns for the year 1917 follows:

INCOME.

| | Original returns. | Amended returns. | |
|---|---|---|---|
| | | First. | Second |
| Gross sales | $99,861.31 | $99,861.31 | |
| Net sales | | | $54,173.02 |
| Oth r income | 245.38 | 245.38 | 2,385.54 |
| Total income | 100,106.69 | 100,106.69 | 56,558.56 |

DEDUCTIONS.

| | Original returns. | Amended returns. | |
|---|---|---|---|
| | | First. | Second |
| Cost of goods sold | $45,413.49 | $44,807.37 | |
| Expenses, general | 28,894.68 | 55,861.00 | $52,616.92 |
| Losses | 2,946.60 | 2,974.60 | 2,794.47 |
| Depreciation | 300.00 | 290.98 | 268.17 |
| Interest | 305.48 | 305.48 | 305.48 |
| Taxes | 435.50 | 435.50 | 435.50 |
| Total deductions | 78,295.75 | 104,674.93 | 56,420.54 |

The controversy arose over the original and first amended returns. The second amended return was filed March 29, 1924, and differs from the first only in the manner of reporting gross sales less cost of goods sold and in minor respects with reference to deductions, the taxpayer desiring to eliminate minor differences with the report of an examining revenue agent. The fact that all these returns were on a like basis of reporting income and differ only as to deductions is made clear by treating cost of goods sold as a deduction from gross sales in all three returns.

INCOME.

| | Original returns. | Amended returns. | |
|---|---|---|---|
| | | First. | Second. |
| Gross sales | $99,861.31 | $99,861.31 | |
| Less cost of goods sold | 45,413.49 | 44,807.37 | |
| Net sales | 54,447.82 | 55,053.94 | $54,173.02 |
| Other income | 245.38 | 245.38 | 2,385.54 |
| Total income | 54,693.20 | 55,299.32 | 56,558.56 |

DEDUCTIONS.

| | Original returns. | Amended returns. First. | Amended returns. Second. |
|---|---|---|---|
| Expenses, general | $28,894.68 | $55,861.00 | $52,616.92 |
| Losses | 2,946.60 | 2,974.60 | 2,794.47 |
| Depreciation | 300.00 | 290.98 | 268.17 |
| Interest | 305.48 | 305.48 | 305.48 |
| Taxes | 435.50 | 435.50 | 435.50 |
| Total deductions | 32,882.26 | 59,867.56 | 56,420.54 |
| Net income | 21,810.94 | | 138.02 |
| Net loss | | 4,568.24 | |

The taxpayer has proven from its general ledger and other evidence that its books were kept upon the installment sales basis during this period and that the returns for all years were prepared from such books. But the important fact is that the Commissioner at all times was in a position to make the comparison we have made above and demonstrate for his own purposes that the taxpayer in all three returns was reporting *income* upon substantially the same basis. Such being the case, there was no reason to reject the amended returns upon the ground that they offered a new basis for reporting income. From their face and by comparison of schedules, it was readily determinable that all were made on the installment sales basis.

There is no evidence before the Board from which it can certainly determine the gross income, deductions, net income, or invested capital of the taxpayer for the years in question, and in consequence the correct computation of tax due for each year and the amount of the deficiency, if any, must be left to the parties, or if they are unable to agree, to a subsequent determination of the Board, for which purpose a further hearing will be granted, if necessary. For the purpose of such computations, the returns of the taxpayer shall be accepted as correct in principle as returns of income on the installment sales basis, subject to verification by the Commissioner or by the Board as to the correctness of the figures therein set forth.

Final order determining the net deficiency, if any, in tax due and the deficiency for each year will be deferred and will be entered as set forth in the decision.